IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| GARY L. LAMB, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-769 (AJT/TCB) |
| | ) | |
| JOHN O. BRENNAN, *Director*, Central | ) | |
| Intelligence Agency, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This action alleges violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16

("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA").

*Pro se* plaintiff Gary L. Lamb, III is employed by the Central Intelligence Agency (the "CIA" or

"Agency") as a Special Agent ("SA") at level GS-12 in the Director's Protective Service

("DPS"). Plaintiff alleges he was discriminated against on the basis of age, race and national

origin, and was the victim of retaliation for his complaints of discrimination in the late 2000s.

For the reasons discussed below, the Court will grant the defendant's Motion for Summary

Judgment as to each of plaintiff's claims.

### I. BACKGROUND

Plaintiff Gary L. Lamb, III is a male employee of the Central Intelligence Agency

("CIA") born on September 26, 1956. He is of Filipino/Portuguese descent and identifies his

race as Asian Pacific Islander and his religion as Southern Baptist. Plaintiff was hired by the

CIA in October 2000 as a GS-06 Police Officer, and in 2005 was promoted to a position in the

DPS.  In this capacity, Mr. Lamb and other DPS members were tasked with providing 24-hour armed protection to various high-level CIA directors and officers.

Before the filing of this action, plaintiff pursued lengthy and unsuccessful administrative proceedings.[1]  After his administrative claims were dismissed, plaintiff timely filed this civil action (the "Complaint") on June 23, 2014 [Doc. No. 1].  On February 27, 2015, the government filed a Motion to Dismiss based on lack of subject matter jurisdiction and failure to state a claim [Doc. No. 14].[2]  On April 3, 2015, the Court dismissed plaintiff's claims for discrimination based on sex; religion; harassment; the Americans with Disabilities Act of 1990, 42 U.S.C. § 1201, *et*

---

[1] Specifically, plaintiff filed two Equal Employment Opportunity ("EEO") complaints of discrimination.  In his first administrative case, filed on November 12, 2009 (Agency Case No. 10-04) [Doc. No. 15-1], plaintiff alleged that he was discriminated against on the basis of his age (then 53), race (Asian Pacific Islander), national origin (Filipino/Portuguese), religion (Southern Baptist), and gender (male).  Specifically, plaintiff alleged that defendant discriminated against him in the following ways: (1) unnecessarily subjecting plaintiff to a Fitness for Duty ("FFD") evaluation in retaliation for plaintiff's written requests for performance feedback and equal advancement; (2) from April 13 through 26, 2009, ending plaintiff's DPS tour of duty prematurely, reassigning plaintiff as a temporary Construction Security Technician, and limiting plaintiff's ability to complete the prerequisites for GS-13 promotion and thereby qualify for five-year overseas special credit in the way that younger SAs were permitted to qualify; (3) on July 9, 2009, needlessly delaying/withholding plaintiff's federal wage increase; (4) on July 29, 2009, failing to return plaintiff to active DPS SA status after he passed his FFD evaluation; (5) from July 23, 2007 to April 13, 2009, diminishing and restricting plaintiff's duties and leadership responsibilities; (6) on April 25, 2009, ending plaintiff's Performance Appraisal Report ("PAR") prematurely; and (7) on November 2, 2009, failing to promote plaintiff to GS-13.

After the conclusion of those proceedings, plaintiff filed a Notice of Right to File on October 14, 2010, which identified two instances of discrimination based on reprisal/retaliation: (1) from September 14, 2009 to October 6, 2010, plaintiff was subjected to a deliberate attempt to deny him a "fresh start" under new management by deliberately tainting management's view of plaintiff's character; and (2) from September 2009 to November 2010, plaintiff was subjected to a stressful work environment created by a harassment investigation of plaintiff.

On October 29, 2010, plaintiff filed his second EEO complaint (Agency Case No. 11-03) [Doc. No. 15-2] which, in addition to those issues identified in the October 14, 2010 notice, identified two more instances of discrimination based on reprisal/retaliation: (3) on October 6, 2010, management failed to promote plaintiff to GS-13; and (4) on August 24, 2009, plaintiff's former management assigned him to an adjudicator's position in Personnel Security that placed plaintiff in a position to fail because it was a position entirely outside of the skillset plaintiff had developed over 20 years of federal service.  All of his claims were eventually dismissed.  On March 20, 2014, the EEOC denied his appeal from those dismissals.

[2] As of November 3, 2014, plaintiff had not served his Complaint, and the Court entered an Order directing plaintiff to show cause why this case should not be dismissed for failure to serve defendant within 120 days [Doc. No. 2]. Plaintiff filed a timely response [Doc. No. 3], and on December 5, 2014, the Court entered an Order extending the deadline for serving the summons and Complaint on defendant until January 5, 2015 [Doc. No. 4].  Defendant was served on January 5, 2015 [Doc. Nos. 10, 11, 12]; and on January 14, 2015, the United States entered an appearance [Doc. No. 7].

*seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; and the Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff, *et seq.*, leaving for adjudication his claims for discrimination based on age, race, national origin, and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* For relief, plaintiff seeks a non-discriminatory and harassment-free work environment, promotion to GS-13 on the federal wage scale, back pay starting on or about 2008, and $3,000,000 in damages.

## II. LEGAL STANDARD

Pursuant to Federal Rule 56, a motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Where, as here, the non-moving party will bear the burden of proof at trial, the moving party's obligation in the summary judgment context is satisfied upon a showing that there is a lack of evidence to carry the non-moving party's burden on an essential element of that party's cause of action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must then go beyond the pleadings and mere allegations and present admissible evidence that establishes facts showing a genuine issue for trial. *Id.*; Fed. R. Civ. P. 56(e); *Ruffin v. Shaw Indus.*, 149 F.3d 294, 299 (4th Cir. 1998). The Court must view the known facts of the case, and the inferences which can be drawn from those facts, in a manner most favorable to the party opposing the motion. *Burke v. Com. of Va.*, 938 F. Supp. 320, 322 (E.D. Va. 1996) *aff'd sub nom.*, 114 F.3d 1175 (4th Cir. 1997).

## III. ANALYSIS

Plaintiff alleges the following acts of discrimination: (1) restricting his responsibilities and denying him travel opportunities from 2007 to 2009; (2) not promoting him in 2008; (2) adversely evaluating his performance on certain fitness examinations and reassigning him to a different division within the CIA in April 2009; (4) reassigning him to a position in the National Reconnaissance Organization in August 2009, (5) placing a hold on his federal wage increase and giving him a lackluster PAR rating in 2008-2009; (6) not promoting him in 2009; (7) not promoting him in 2010; and (8) investigating him for harassment in 2009 and 2010.

### A.      Failure to Exhaust Claims

The government first seeks dismissal of claims (1)-(4) based on plaintiff's failure to timely exhaust administrative remedies as to those claims. *See Pueschel v. United States*, 369 F.3d 345, 353-54 (4th Cir. 2004) (holding that a plaintiff must exhaust administrative remedies with respect to Title VII or ADEA claims and that failure to do so requires dismissal of the claim); 29 CFR § 1614.105(a)(1) (an aggrieved individual must initiate contact with an EEO counselor within 45 days of the allegedly discriminatory action, otherwise the matter will be deemed untimely).  Courts strictly adhere to this exhaustion requirement. *See Doe v. Brennan*, 980 F. Supp. 2d 730 (E.D. Va. 2013) (finding that a plaintiff who did not initiate contact with an EEOC counselor within 45 days of the date of the action failed to timely assert the matter). Based on the record before the Court, plaintiff failed to raise claims (1)-(4) before an EEO counselor within 45 days of the alleged violation as mandated by federal statutes.[3]  Plaintiff has therefore failed to exhaust those claims and the government is entitled to summary judgment as to each as a matter of law.  Alternatively, the Court has considered those claims on the merits

---

[3] OEEO likewise dismissed the substantial equivalent of these claims as untimely because plaintiff failed to initiate contact with an EEO counselor within 45 days of the date of the allegedly discriminatory action, as required by EEO regulations.

and, as discussed below, must dismiss them as a matter of law based on plaintiff's failure to adduce sufficient evidence to raise a triable issue of fact as to any alleged discrimination.

### B.     Title VII and ADEA Discrimination Claims

Plaintiff's remaining claims (5) through (8) under both Title VII and the ADEA have been administratively exhausted and are therefore appropriately reviewed by a court. Based on the record, and viewing that record in a light most favorable to the plaintiff, the Court finds and concludes that plaintiff has failed to establish a prima facie case as to those claims, as well as claims (1) through (4). The Court also finds and concludes that even were the record sufficient to establish a prima facie case as to these claims, the plaintiff has failed, as a matter of law, to present sufficient evidence to raise a triable issue of discrimination based on a claim of pretext with respect to defendant's articulated legitimate, non-discriminatory reasons for each of the alleged acts of discrimination.

### (1)     Title VII Claims

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C.A. § 2000e–2(a). In order to survive summary judgment, plaintiff must first establish a prima facie case of unlawful discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). In order to establish a prima facie case of discriminatory adverse employment action under Title VII, a plaintiff must either produce "direct evidence" of discrimination[4] or satisfy the burden shifting rubric established in

---

[4] Direct evidence of discrimination is "a set of facts which would enable the fact-finder to conclude, in the absence of any further explanation, that it is more likely than not that the adverse employment action was the product of discrimination." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995).

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[5]  If the plaintiff chooses to proceed

under this burden shifting framework and succeeds in establishing a prima facie case, the burden

of production shifts to the employer to articulate a legitimate, non-discriminatory justification for

the action in question. *Burdine, supra*, 450 U.S. at 253.  If the employer carries this burden, the

plaintiff must then establish that the neutral reasons offered by the employer were not its true

reasons, but were a pretext for discrimination. *See Burdine*, 450 U.S. at 256 ("[Plaintiff] may

succeed in this either directly by persuading the court that a discriminatory reason more likely

motivated the employer or indirectly by showing that the employer's proffered explanation is

unworthy of credence."). "The final pretext inquiry merges with the ultimate burden of

persuading the court that [the plaintiff] has been the victim of intentional discrimination, which

at all times remains with the plaintiff." *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d

289, 294 (4th Cir. 2010) (internal citations omitted). *See also Reeves v. Sanderson Plumbing*

*Prods. Inc.*, 530 U.S. 133, 143 (2000) (a Title VII plaintiff must prove an employer's reasons

were not true or "unworthy of credence."); *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405

(4th Cir. 2005).

Here, plaintiff has not presented any evidence of direct discrimination and must therefore

establish his prima facie case under the *McDonnell Douglas* standard in order to survive a

motion for summary judgment.  Plaintiff has satisfied the first factor with respect to each claim

(i.e. that he is a member of a protected group).  However, with respect to remaining factors, the

plaintiff has failed to adduce facts, as opposed to conclusory allegations, sufficient to establish

the required elements.  More specifically, the conduct he alleges does not constitute, as a matter

---

[5] To establish a *prima facie* case for status-based discrimination under *McDonnell Douglas*, plaintiff must prove
that: "(1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the
position; and (4) he was rejected for the position in favor of someone not a member of the protected group under
circumstances giving rise to an inference of unlawful discrimination." *Alvarado v. Bd. of Trs. of Montgomery Cmty.*
*Coll.*, 928 F.2d 118, 121 (4th Cir. 1991).

of law, adverse employment practices.  In that regard, plaintiff points to the fact that he was not promoted, received updated responsibilities, and was reassigned within the Agency to a position that was not suited to his "skillset" as instances of adverse employment actions.  But these allegations do not sufficiently constitute claims of "adverse employment action" as required under Title VII.  *See Burgoon v. Potter*, 369 F. Supp. 2d 789, 797 (E.D. Va. 2005) citing *Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir. 1999) (An inquiry into "adverse employment action" has been ordinarily been interpreted as asking "whether the employee has suffered termination, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or decreased opportunities for promotion.").   Moreover, the record does not establish, even when viewed in a light most favorable to the plaintiff, that he was performing his duties at a satisfactory level during the term of his employment or was treated any differently than a person not within the protected class.  For all of the aforementioned reasons, plaintiff has therefore failed to establish a prima facie case of discrimination as to his Title VII claims.

Even assuming *arguendo* that plaintiff is able to establish a prima facie case, he has failed to present sufficient evidence to establish that defendant's articulated non-discriminatory business reasons for its alleged conduct were a pretext for unlawful discrimination.  *See Bonds v. Leavitt,* 629 F.3d 369, 386 (4th Cir. 2011) (A Title VII plaintiff cannot establish pretext "by focusing on minor discrepancies that do not cast doubt on the explanation's validity, or by raising points that are wholly irrelevant to it.").  In sum, plaintiff has not made out a prima facie case for status-based discrimination, and does not, in any event, present facts sufficient to create a triable issue of fact as to pretext. His Title VII discrimination claims must therefore be dismissed as a matter of law.

(2)   **ADEA Claim**

Plaintiff also presents a claim of age discrimination under the ADEA.  The ADEA states

that an employer may not "discharge any individual or otherwise discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of his employment,

because of such individual's age." 29 U.S.C. § 623(a)(1).  The framework governing ADEA

claims is similar to that which governs claims under Title VII.  A plaintiff seeking relief for

intentional age discrimination under the ADEA may choose one of two avenues to overcome a

motion for summary judgment.  First, the plaintiff may demonstrate through direct or

circumstantial evidence that his or her age motivated the employer's adverse employment

decision.  Second, if there be no direct evidence, then the plaintiff may proceed under the

*McDonnell Douglas* "pretext" framework.  *Supra* at 6 n. 5.  That is, he must prove that "the

employer's proffered permissible reason for taking an adverse employment action is actually a

pretext for discrimination." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285

(4th Cir. 2004).  It is not enough to merely draw a conclusory connection between an

employment action and an employee's age without additional evidence of causation or pretext.

As with his Title VII discrimination claim above, plaintiff here offers no genuine issues

of material fact that would allow him to overcome a motion for summary judgment.  Plaintiff

offers nothing beyond his own conclusory assessments that he was performing satisfactorily and

that he was discriminated against on account of his age because younger employees had received

better performance evaluations. "'It is the perception of the decision maker which is relevant,'

not the self-assessment of the plaintiff." *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954,

960-61 (4th Cir. 1996) quoting *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980).  Moreover, as

with his Title VII claims, plaintiff has offered no facts sufficient to raise a triable issue as to any

claim that defendant's non-discriminatory reasons for its treatment of plaintiff were a pretext for discrimination. Plaintiff's ADEA claim must therefore also be dismissed.

### C.   Retaliation Claim

Finally, plaintiff makes a separate claim of unlawful retaliation for his engaging in protected activity with respect to his Title VII and ADEA claims. To establish a prima facie case for retaliation, the plaintiff must establish three elements: (1) that he engaged in a protected activity; (2) that he suffered adverse employment action; and (3) causation between elements (1) and (2). *Foster v. Univ. of Maryland-Eastern Shore*, 787 F.3d 243, 250 (4th Cir. 2015).

Plaintiff has pointed generally to the EEO proceedings as the reason for his lack of promotion, as well as perhaps other employment actions. But even assuming that the activities he relies on were protected activities, he has nevertheless failed to establish a prima facie case for retaliation. For the reasons discussed above, the record is insufficient to establish that he suffered an adverse employment action or that there was a causal relationship between any particular employment action and protected activity. *See Swerdloff v. Green Spring Health Servs.*, 139 F.3d 892 (change in job responsibilities that did not affect ability to receive promotion and pay increase did not constitute "adverse employment action"); *Davis v. Old Dominion Tobacco Co., Inc.*, 755 F. Supp. 682, 707 (E.D. Va. 2010) (explaining that "an adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment" in dismissing a claim where plaintiff was not able to show that he was treated differently from his coworkers) (internal quotations omitted). In short, plaintiff's retaliation claim suffers from the same fundamental defects as his discrimination claims, and therefore must also be dismissed.

## IV. CONCLUSION

For the above reasons, the Court finds and concludes that there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law as to plaintiff's remaining Title VII, ADEA, and retaliation claims.

An appropriate Order will issue.

_____/s/
Anthony J. Trenga
United States District Judge

October 6, 2015
Alexandria, Virginia